UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 07-3-DLB

JEFFERY HARMON, ET AL.                                                     PLAINTIFFS

vs.

KELLY M. McCREARY, ET AL.                                                  DEFENDANTS

and                    **MEMORANDUM OPINION & ORDER**

KELLY M. McCREARY and
SUPERIOR CARRIERS, INC.                                       THIRD PARTY PLAINTIFFS

vs.

BONNIE K. WILLIAMS                                              THIRD PARTY DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## Background

Plaintiffs filed this action on December 8, 2006. Their original Complaint named as Defendants Superior Carriers, Inc. (Superior Carriers) and Jim Anderson Trucking, the owners and/or operators of the two commercial vehicles allegedly involved in a July 6, 2006, vehicular incident giving rise to Plaintiffs' claims. Also named as Defendants were the vehicle drivers, Kelly M. McCreary and John Thacker, respectively. The action was removed from Boyd County, Kentucky, Circuit Court on January 3, 2007, by all Defendants. Removal was based on diversity jurisdiction, 28 U.S.C. § 1332.

Defendants Jim Anderson Trucking and Thacker subsequently resolved Plaintiffs' claims against them, and they were dismissed from this action by Order of February 23, 2007 (Doc. #13).  On May 1, 2007, the deadline for filing motions to join parties or amend pleadings (*see* Doc. #11), Defendants Superior Carriers and McCreary moved for leave to file a Third-Party Complaint, which motion was granted May 3, 2007 (Doc. #18).  That Third-Party Complaint added Bonnie K. Williams as a Third-Party Defendant.  Defendants/Third-Party Plaintiffs allege that immediately prior to the subject motor vehicle accident, Williams was operating a vehicle that became disabled or otherwise came to a stop on the same highway, thereby ultimately causing the accident. (Doc. #19).  They maintain that this allegedly negligent operation of her vehicle renders Williams liable for indemnification, contribution, and/or comparative fault.

Shortly following the filing of this Third-Party Complaint, Plaintiffs moved for leave to file an Amended Complaint allowing them to assert their own claim against Williams directly, as a Defendant. (Doc. #22).  Moreover, given that Williams is apparently a citizen of Kentucky and so would be a Defendant who is not diverse from Plaintiffs, Plaintiffs also moved to remand the case to state court upon acceptance of their tendered Amended Complaint. (Doc. #23).

## Discussion

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. Pro. 15(a).  However, diversity of citizenship under 28 U.S.C. § 1332 must be complete, meaning each defendant must be a citizen of a state different from that of each plaintiff.  *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).

-2-

Defendants submit that if Plaintiffs are arguing Defendants' joinder of Williams destroys diversity, joinder of third-party defendants who are nondiverse does not divest subject matter jurisdiction. Defendants correctly point out that *Grimes v. Mazda North American Operations,* 355 F.3d 566 (6th Cir. 2004), provides that third-party claims fall under a district court's supplemental jurisdiction as long as there is a common nucleus of operative fact between the actions of the impleaded defendant and the pending case. "Third-party claims by defendants for contribution against a third-party under Federal Rule of Civil Procedure 14(a) generally do not require an independent jurisdictional basis." *Id.* at 568.

The distinction with the instant matter is that once the third-party alleged tortfeasor was impleaded, Plaintiffs then opted to seek leave to assert a direct claim against this non-diverse party. Defendants acknowledge that if such amendment is permitted, diversity jurisdiction would be destroyed, since supplemental jurisdiction over Plaintiffs' claim against Williams would be lacking, pursuant to 28 U.S.C. § 1367(b).[1] This subsection of § 1367 represents a codification of the Supreme Court's decision in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 (1978).

---

[1] Defendants correctly point out that § 1367 expressly provides, via subsection (b), that supplemental jurisdiction is not recognized for claims advanced by *plaintiffs* in circumstances such as those herein – nondiverse party defendants joined as parties via third-party practice.

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 [third-party practice] . . ., when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

-3-

In *Owen Equipment*, plaintiff's husband was electrocuted when a crane next to which he was walking came into contact with electrical wires. *Id.* at 367. Plaintiff was a citizen of Iowa and defendant power company a corporate citizen of Nebraska. *Id.* The power company impleaded the owner of the crane via a third-party action, with plaintiff subsequently filing an amended complaint adding the third-party defendant as a named defendant against which plaintiff asserted a direct claim. However, when in the course of trial it was revealed that this defendant/third-party defendant was, in fact, an Iowa corporate citizen, *id.* at 367-68, it moved to dismiss plaintiff's claims against it for lack of federal jurisdiction. The appellate court affirmed the trial court's denial of that dismissal motion. In reversing that holding, the Supreme Court held that plaintiff's continued pursuit in federal court of a direct claim against that nondiverse defendant was an impermissible circumvention of the complete diversity rule, and therefore that the crane owner's motion to dismiss should have been granted. *Id.* at 374-77.

Defendants analogize this case to *Owen Equipment* and, indeed, the factual circumstances are substantially similar. Plaintiffs herein are citizens of Kentucky. In their tendered Amended Complaint, they assert a direct claim against the Third-Party Defendant Williams, who is also a citizen of Kentucky. Diversity, the sole ground upon which this action was removed and this Court's jurisdiction rests, would thereby no longer be complete and therefore, like *Owen Equipment,* this Court could no longer hear this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). It is curious, however, that Defendants rely upon *Owen Equipment* as supporting the proposition that *leave to amend* must be denied. *See* Doc. #25, p. 6 ("as determined by the Supreme Court

in Owen, this court should properly deny the plaintiffs' pending motion to file amended complaint"). *Owen Equipment* was not directed to a plaintiff's right to amend, nor did it so hold. It was directed to a federal court's jurisdictional authority to continue to entertain a lawsuit once that amendment occurred. Nevertheless, in a bit of circular logic, Defendants erroneously rely upon *Owen Equipment* and § 1367(b) as supporting the conclusion that the requested amendment must be rejected precisely because these authorities concluded diversity federal jurisdiction ended once the amendment occurred. This analysis puts the cart before the horse. The determination of whether amendment in the instant circumstances should be permitted is governed not by *Owen Equipment* or § 1367(b), but rather by 28 U.S.C. § 1447(e).

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).[2]

Subsection 1447(e) contains no standards for guidance in determining whether to allow joinder. Moreover, the Sixth Circuit has yet to interpret and apply § 1447(e) in the context of a plaintiff's requested joinder of a nondiverse defendant through the filing of an amended complaint.[3] The Fifth Circuit has held that when faced with whether to allow joinder of a nondiverse defendant in actions removed from state court, competing interests

---

[2] Amending § 1447(e) to permit the court to retain jurisdiction despite allowing post-removal joinder of a nondiverse defendant was expressly considered by Congress and rejected. *See* David D. Siegel, *Commentary on 1988 Revision of Section 1447,* noted in 28 U.S.C.A. § 1447 (2006).

[3] In *Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536 (6th Cir. 2006), the Sixth Circuit examined application of § 1447(e), but in the context of a proposed post-removal amendment by plaintiff to identify defendants previously listed as fictitious, who were subsequently identified but also revealed to be nondiverse.

are presented. *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987). "[T]here is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources," though "the diverse defendant has an interest in retaining the federal forum." *Id.* at 1182.

The *Hensgens* court reasoned that in order to reach a decision, courts should examine relevant factors to try and balance these competing interests. They should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

Although *Hensgens* predated the 1988 addition of subsection (e) to § 1447, decisions from other circuits and lower courts within the Sixth Circuit have looked to these same factors in considering whether to permit post-removal joinder.[4] *Mayes v. Rapoport,* 198 F.3d 457, 461-63 (4th Cir. 1999); *Siedlik v. The Stanley Works, Inc.,* 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002); *Jones v. Woodmen Accident & Life Co.,* 112 F. Supp. 2d 676, 680 (N.D. Ohio 2000). The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable. *Woodmen Accident & Life,* 112 F. Supp. 2d at 680.[5]

---

[4] While not the identical context, in *Curry* the Sixth Circuit also looked to many of these same factors – plaintiff's motivation, prejudice to plaintiff if amendment is not permitted, and prejudice to defendant if remand occurs. *Curry,* 462 F.3d at 540.

[5] With the enactment of § 1447(e), examining whether a party to be joined is necessary or indispensable pursuant to Federal Civil Rule 19 has been viewed by some courts as replaced by § 1447(e)'s more flexible analysis and focus on the overall fairness in allowing joinder after removal. *See, e.g., Rapoport,* 198 F.3d at 462; *Farver v. Glaxo Wellcome, Inc.,* 181 F. Supp. 2d 781, 783-84 (N.D. Ohio 2001).

After examining these factors, Plaintiffs' requested joinder of Williams as a Defendant should be permitted. Defendants have not argued that Plaintiffs' request to join Williams was made for purposes of defeating removal or that Plaintiffs were dilatory in seeking to do so. The face of Plaintiffs' Amended Complaint states a colorable claim against Williams. Defendants do not contend otherwise, nor would such an argument be credible given that Defendants themselves allege negligent conduct on Williams' part as causing or contributing to the accident. As for timing, Plaintiffs indicate that Williams' alleged negligence contributing to the accident was not known by them until Defendants brought the information to the forefront by way of their Third-Party Complaint. And while Plaintiffs filed their motion a few days after the case deadline for motions to amend pleadings and join parties, it cannot be said that they have been dilatory given that Defendants' Third-Party Complaint setting forth the alleged negligence of Williams was tendered at the deadline.

In addition, Plaintiffs will be significantly injured if they are not permitted to add Williams because their claims against her and the other Defendants arose out of the same transaction or occurrence. Defendants have not otherwise indicated that they would be responsible for any liability imposed by a jury or that Plaintiffs can otherwise obtain complete relief in this case absent Williams. Denying joinder has the potential of significant injury to Plaintiffs. *See Woodmen Accident & Life,* 112 F. Supp. 2d at 681 (plaintiff does suffer some injury if denied opportunity to pursue claims against a viable defendant).

Last but not least, Defendants' interest in its choice of forum is an "other factor bearing on the equities" referred to in *Hensgens*. But Defendants have not shown any actual prejudice they would suffer by allowing the amendment, other than being denied

their preference for a federal forum. This preference alone should not tilt the balance in Defendants' favor and so require Plaintiffs to pursue a federal court action here against Defendants and a separate action in state court against Williams. The interests of judicial economy by avoiding parallel litigation, the cost to Plaintiffs (and Williams for that matter) in litigating in two different court systems, and the possibility of inconsistent outcomes outweigh Defendants' interest in maintaining a federal forum. After considering the equities, the Court is persuaded that Williams' joinder will facilitate just and efficient resolution of this dispute.

## Conclusion

In conclusion, having carefully examined the record in applying § 1447(e), the Court finds that amending Plaintiffs' Complaint to join Williams as a Defendant to these proceedings is proper and warranted. With Williams' joinder as a Defendant, this Court no longer has diversity subject matter jurisdiction; thus, the matter must be remanded to state court. *See* 28 U.S.C. § 1447(c).

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiffs' Motion For Leave to Amend (Doc. #22) is hereby **granted.** Plaintiffs' tendered Amended Complaint is ordered **filed of record.**

(2) Plaintiffs' Motion to Remand (Doc. #23) is hereby **granted.** This matter is hereby **remanded, in its entirety,** to the Boyd Circuit Court from which it was removed.

(3) Defendants' Motion to Continue case deadlines (Doc. #28) is hereby **denied as moot.**

This 20th day of November, 2007.



Signed By:
David L. Bunning   DB
United States District Judge

G:\DATA\Opinions\0-07-3-HarmonMotionToRemand.wpd